IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TEACHERS' UNION, LOCAL 1, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF EDUCATION OF THE CITY OF CHICAGO, a body politic and corporate, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case Nos. 12-cv-10311, 15-cv-8149 <br><br> Judge Sara L. Ellis <br> Magistrate Judge Young Kim |

**ORDER GRANTING PRELIMINARY APPROVAL OF THE
SETTLEMENT AGREEMENT AND SETTING DATES
REQUIRED BY THE SETTLEMENT AGREEMENT**

The Court has reviewed the Plaintiffs' Agreed Motion for Preliminary Approval of a Settlement Agreement (the "Motion," Dkt. No. 355) and the Settlement Agreement. After full and careful consideration, the Court finds for the reasons stated the Motion that the Settlement Agreement appears to be a fair and reasonable settlement of the Parties' legal claims. This determination is based on (1) the strength of Plaintiffs' case compared with the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed.

**NOW THERFORE, IT IS ORDERED THAT:**

1. The Court grants the Motion for Preliminary Approval and preliminarily approves the terms of the Settlement Agreement as appearing to be within the

range of fairness, reasonableness and adequacy. *See* Dkt. Nos. 357 (12-cv-10311) and 125 (15-cv-8149). This preliminary approval is subject to the right of any member of the Certified Class or Settlement Class to challenge the fairness, reasonableness and adequacy of the Settlement Agreement, or the fairness and adequacy of their representation by Class Counsel, and to show cause, if any exists, why the Settlement Agreement should not be granted final approval after due and adequate notice to the Class has been given in conformity with this Order.

2. Defendant provided the Plaintiffs with updated lists of Class Members.

3. Plaintiffs have provided the class lists to the Settlement Administrator.

4. The Court approves the form and method of notice specified in the Motion and Settlement Agreement and finds that the notice defined herein is the best notice practicable and shall constitute due and sufficient notice to all persons and entities entitled to receive such notice and fully satisfy the requirements of due process and of Fed. R. Civ. P. 23(c)(2)(B) and 23(e)(1).

5. The Court approves the Releases of Claims and Claim Form attached to the Settlement Agreement as Exhibits A-1, A-2 and B.

6. The Notice of Settlement, Claim Form, Release of Claims (as presented to the Court in the Motion), and Form W-9 shall be mailed to members of the Certified Class by the Settlement Administrator by May 12, 2022.

7. The Notice of Class Certification and Settlement, Claim Form, Release of Claims (as presented to the Court in the Motion), and Form W-9 shall be mailed

to members of the Settlement Class certified by the Court on April 13, 2022, by the Settlement Administrator by May 12, 2022.

8. The Notices to the Settlement Class will indicate that the date for opting out of the Settlement Class is June 16, 2022.

9. Any objections to the Settlement Agreement shall be filed with the Court and delivered to the attorneys for the Parties on or before June 24, 2022.

10. Claim Forms and executed Releases of Claims must be received by the Settlement Administrator on or before August 10, 2022. To be valid, a Claim Form must: (i) be completed in a manner that permits the Claims Administrator or Class Counsel to determine the eligibility of the person submitting the Claim Form to participate in the Settlement; and (ii) be signed with an affirmation that the information is true and correct. Any Class Member who does not submit a valid and timely Claim Form and Release of Claims shall be forever barred from receiving any payments from the Settlement, but shall in all other respects be subject to and bound by the provisions of the Settlement Agreement.

11. Class Counsel shall file its petition for attorney's fees and costs and file a motion for final approval of the Settlement Agreement by August 22, 2022.

12. The Fairness Hearing for final approval of the Settlement Agreement is set for August 26, 2022, at 10:00 a.m. for the following purposes:

    a. to determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Certified Class and the Settlement Class;

    b. to rule on Class Counsel's request for an award of attorneys' fees and costs;

3

  c. to determine whether a final order approving the Settlement Agreement, dismissing the Litigation with prejudice and releasing all Released Claims as provided in the Settlement Agreement should be entered; and

  d. to grant such further relief as the Court may deem appropriate.

13. Any member of the Certified Class or the Settlement Class who objects to the Settlement or who otherwise wishes to be heard may appear in person or by their attorney at the Fairness Hearing and present evidence or argument that may be proper or relevant, provided that such Class Member complies with the comment provisions set forth in Paragraph 7.3 of the Settlement Agreement.

14. If this Settlement is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Settlement Agreement, any certification of the Settlement Class, and any actions taken or to be taken in connection therewith (including this Order and any subsequent order entered herein), (i) shall be without prejudice, and none of the terms shall be effective or enforceable; (ii) the Parties shall revert to their litigation positions immediately prior to the negotiation of the Settlement Agreement; and (iii) the facts and terms of the Settlement Agreement shall not be admissible in any trial of this Litigation.

15. All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

16. Neither this Order, the Settlement Agreement, any provisions contained in the Settlement Agreement, any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of the Released Parties, or any of them, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be deemed to be used as an admission or evidence of the appropriateness of the certification of any class.

17. Class Counsel is hereby authorized to obtain an EIN and open a bank account in the name of the Class Settlement Trust Fund at Wintrust Bank for the use of holding and distributing the Gross Settlement Payment. If the Board elects to fund its portion of the Gross Settlement Payment in advance of the Effective Date and the settlement does not become effective or if an appeal of any order of this Court is filed, the Court will issue an order directing Class Counsel as trustees of the Class Settlement Trust Fund to return the entirety of the Board's funds to the Board in accordance with Section 18.2(d) of the Settlement Agreement. Class Counsel shall provide Counsel to the Board with the EIN as well as a completed form W-9 on behalf of the Class Settlement Trust Fund and any other information or documents necessary to fund the payment of the Gross Settlement Payment.

18. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.

ENTERED this _14_ DAY OF _April____, 2022

_____
United States District Court Judge Sara L. Ellis